UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

PAUL A. DECOLOGERO,           :

    Petitioner                :        CIVIL ACTION NO. 3:20-1852

    v.                        :                 (JUDGE MANNION)

WARDEN SCOTT FINLEY,          :

    Respondent                :

## MEMORANDUM

Petitioner, Paul A. DeCologero ("Petitioner"), an inmate confined in the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He is serving concurrent life sentences imposed by the District of Massachusetts in 2006 for separate convictions related to his being the leader of a criminal enterprise engaged in racketeering, drug trafficking, firearms, and other related crimes in Boston. (Doc. 11-1, Judgment). (Doc. DeCologero now requests this Court to vacate his one felon in possession of a firearm conviction based on Rehaif v. United States, --- U.S. ---, 139 S. Ct. 2191 (2019). (Doc. 1).

A response (Doc. 11) and traverse (Doc. 12) having been filed, the petition is ripe for disposition. For the reasons that follow, the Court will dismiss the petition.

I. **Background**

On March 20, 2006, a jury convicted DeCologero of:

RICO Conspiracy (Count 1); RICO Substantive Offenses (Count 2); Witness Tampering Conspiracy (Count 3); Witness Tampering by Misleading Conduct (Count 4); Witness Tampering by Attempting to Kill (Count 5); Witness Tampering by Killing (Count 6); Hobbs Act Robbery Conspiracies (Count 8); Hobbs Act Robbery (Count 9); Possession of Marijuana with Intent to Distribute (Count 10); two counts of Use or Carrying a Firearm in Connection to a Crime of Violence (Counts 11 & 1 3); Conspiracy to Possess Marijuana with Intent to Distribute (Count 17); Felon in Possession of a Firearm pursuant to 18 U.S.C. §922(g) & 2 (Count 18); and Conspiracy to Possess Cocaine with Intent to Distribute (Count 23).

(Doc. 11-1 at 1, Judgment in a Criminal Case).

On March 28, 2006, DeCologero was sentenced to life imprisonment on Counts 1, 2, 6 and 18. Id. The Court also sentenced DeCologero to 60 months imprisonment on Counts 3; 120 months imprisonment on Counts 4, 10 and 17; 240 months imprisonment on Counts 5, 8, and 9, and 360 months imprisonment on Count 23, all to run concurrently with his life sentences. Id. Finally, DeCologero was sentenced to 60 months imprisonment on Count 11 and 240 months imprisonment on Count 13, to be served consecutively to

each other and the life sentences. Id.

On June 23, 2008, the United States Court of Appeals for the First Circuit affirmed DeCologero's convictions. United States v. DeCologero, 530 F.3d 36, 71-79 (1st Cir. 2008).

On November 17, 2008, the United States Supreme Court denied DeCologero's petition for writ of certiorari. DeCologero v. United States, 129 S. Ct. 615 (2008).

Petitioner subsequently filed a motion to vacate pursuant to 28 U.S.C. §2255, in which he raised Fifth Amendment Due Process violations under Brady v. Maryland, 373 U.S. 83, (1963). (Doc. 11-2 at 1, United States v. DeCologero, No. 1:01-cr-10373, 2013 WL 3728409 (D. Mass. July 11, 2013)). On July 11, 2013, the sentencing court denied Petitioner's §2255 motion. Id. On September 21, 2015, the First Circuit affirmed the denial, DeCologero v. United States, 802 F.3d 155 (1st Cir. 2015) and on May 16, 2016, the Supreme Court denied certiorari. DeCologero v. United States, 136 S. Ct. 2037 (2016).

Petitioner then sought permission from the First Circuit to file a second or successive petition pursuant to 28 U.C.S. §2255, challenging his 18 U.S.C. §924(c) convictions based on Sessions v. Dimaya, 138 S. Ct. 1204 (2018). (Doc. 11-2 at 8, DeCologero v. United States, No. 19-1371, slip op.

(1st Cir. Sept. 13, 2019)). On September 13, 2019, the First Circuit denied DeCologero's application, reasoning that his Dimaya claim lacked merit because the predicate offense for both 18 U.S.C. §924(c)(3) convictions (Counts 11 & 13) was Hobbs Act robbery and aiding and abetting the same, which the First Circuit had determined "[fell] under the force clause in the definition of 'crime of violence' found at [18 U.S.C. §] 924(c)(3)(A)," and therefore did not implicate a new rule of constitutional law. Id.

On October 9, 2020, Petitioner filed the instant habeas corpus petition pursuant to 28 U.S.C. §2241, claiming that "in light of the United States Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191, 204 L.Ed.2d 594 (2019)", his 28 U.S.C. §922(g) conviction (Count 18) should be vacated. (Doc. 2, Memorandum). Specifically, he claims that: (a) the Government failed to prove he knew he was a felon who could not possess a firearm; and (b) the trial court did not instruct the jury to decide whether he knew he was a felon. Id.

## II. Discussion

Respondent asserts that Petitioner's §2241 petition should be dismissed pursuant to the concurrent sentence doctrine. (Doc. 11 at 5). Under that doctrine, "a federal court may decline to review an alleged error

- 4 -

where concurrent sentences were imposed on separate counts, where the alleged error is associated with only one count, and where the remaining sentences are unassailable." See Nosov v. Schuylkill, 634 F. App'x 379, 380 (3d Cir. 2016). Because "the defendant remains sentenced in any event, reviewing the concurrently sentenced counts is of no utility. The practice is eminently practical and conserves judicial resources for more pressing needs." See Jones v. Zimmerman, 805 F.2d 1125, 1128 (3d Cir. 1986). This doctrine, however, should be applied "only when it is apparent that the defendant will not suffer collateral consequences from the unreviewed conviction." See Nosov, 634 F. App'x at 380.

As noted supra, in addition to his life sentence for his firearm conviction, Petitioner is serving concurrent life sentences on the RICO Conspiracy (Count 1), RICO Substantive Offenses (Count 2), and Witness Tampering by Killing (Count 6) convictions. As previously determined in Petitioner's direct appeal and post-conviction proceedings, his other life sentences are valid, meaning that Petitioner must still serve these sentences regardless of the validity of his firearm conviction. See Logan v. Dist. Att'y Allegheny Cty., 752 F. App'x 119, 122 (3d Cir. 2018) (noting that "[o]nly one [of the petitioner's convictions] will be abrogated if his petition is successful and any potential relief would not reduce the time he is required to serve").

Moreover, Petitioner has not demonstrated that he would suffer any collateral consequences arising from his challenged conviction, let alone any collateral consequences that rise to the level of "custody" for purposes of §2241. See Gardner v. Warden Lewisburg USP, 845 F.3d 99, 104 (3d Cir. 2017). Under these circumstances, the Court concludes that it is appropriate to invoke the concurrent sentence doctrine and, therefore, dismiss Petitioner's §2241 petition.

### III. Conclusion

For the foregoing reasons, the Court will dismiss DeCologero's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 28, 2022**
19-0483-01